<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————————————
                                                    )
AVAYA, INC.,                                        )
                                                    )
                            Plaintiff,              )
                                                    )
v.                                                  )      Civil Action No. 06-2490 (GEB)
                                                    )
TELECOM LABS, INC., TEAMTLI.COM                     )      **MEMORANDUM OPINION**
CORP., CONTINUANT, INC., DOUGLAS                    )
GRAHAM, SCOTT GRAHAM AND BRUCE                      )
SHELBY,                                             )
                                                    )
                            Defendants.             )
———————————————————————                             )

<u>**BROWN, Chief Judge**</u>

**I.      Background**

        This case comes before the Court upon the Defendants' Telecom Labs, Inc., TeamTLI

Corp., Continuant, Inc., Douglas Graham, Scott Graham and Bruce Graham (collectively

"Defendants") Motion for Summary Judgment (Dkt. No. 71).  All briefs aside from the original

moving papers have been filed *in camera*.  This Court has jurisdiction in this matter pursuant to

28 U.S.C. § 1331 because the claims asserted arise under the Digital Millennium Copyright Act

("DMCA"), 17 U.S.C. § 1201 *et seq*.

A.    Facts[1]

This case involves the Defendants' alleged access to proprietary maintenance software that Plaintiff Avaya, Inc. ("Avaya") and its predecessors[2] developed and embedded in complex telephone systems that they designed, manufactured, and sold.  (Defs.' 56.1 Statement ¶ 2).  Avaya's telephone systems are called "PBX systems" or "PBXs," and are special purpose computers that manage telephones and other communications equipment and connect that equipment to the public telephone network.  Like many computer systems in common use, a person must enter a "login" which is recognized by the Avaya PBX in order to obtain access to the system.  (Id. at ¶ 7).  A login is generally composed of a username and password associated with that username.  (Id.)  Avaya has restricted access to portions of the maintenance software and the use of certain maintenance commands to Avaya personnel, Avaya BusinessPartners,[3] and certain PBX end users.[4]  (Id. at ¶¶ 8-11).

There are several different levels of username/password combinations (or "logins") that correspond to different levels of access to the maintenance software.  Certain logins require something more than a recognized username and password before users can gain access to the

---

[1] The facts of this case have been more fully explained in the memorandum opinion dated Aug. 29, 2008 (Dkt. No. 59).  Familiarity with the facts is assumed, and only the necessary facts are repeated in this opinion.

[2] Avaya is a successor in interest to Lucent Technologies, Inc. ("Lucent") and American Telephone and Telegraph Company ("AT&T").  Reference to "Avaya" in this opinion is generally intended to include all three companies, unless otherwise indicated.

[3] Avaya BusinessPartners are licensed end users and resellers of Avaya products.  *See* Defs.' 56.1 Statement ¶ 3.

[4] Examples of end users with passwords are those who have maintenance contracts with Avaya and customers who have PBXs under warranty.  *See* Defs.' 56.1 Statement ¶ 22.

maintenance software.  (Pl.'s 56.1 Statement ¶ 21).  These require some additional step, either

that a login is "turned on" on the customer's PBX by Avaya or that a "Maintenance Software

Permission" ("MSP") is enabled by Avaya.  (*Id.)*

      When installing a new system, Avaya has a set of "default" passwords that the customer

uses to first log in to the system.  (Defs.' 56.1 Statement ¶ 16).  Defendants claim that these

passwords are well known in the industry, and were publicly available on the internet. **(***Id.* at ¶

19; Defs.' Br. at 18).  Plaintiff alleges that these passwords were obtained by using a computer to

unscramble data that was embedded in each PBX and determine the password.  (Pl.'s Opp. Br. at

14).  Regardless of how they were obtained, Avaya alleges that these logins were used by

Defendants and third parties without authorization to gain access to the PBX maintenance

software.

      Avaya also alleges that the Defendants' used many other means to gain access to PBX

maintenance software.  Though not a subject of this motion, it should be noted that these alleged

methods include decrypting data stored within the PBXs, using stolen software from Avaya,

turning on electronic "switches" inside the PBXs, and conspiring with third parties to defraud

Avaya, among others.  (Pl.'s Opp. Br. at 13-22).  Whether these methods violated the DMCA or

other laws is not a subject of this motion.

    **B.**    **Procedural History**

      This suit began on June 2, 2006, when Avaya filed a complaint against the Defendants

alleging, among other things, that TLI, TeamTLI.com Corp., and Continuant gained unauthorized

access to the Avaya systems by improperly obtaining logins for Avaya products in order to gain

additional maintenance and service business.  Avaya asserted causes of action under ten different

theories: (1) misappropriation of trade secrets; (2) tortious interference with contractual relations; (3) tortious interference with prospective economic advantage; (4) fraud/misrepresentation; (5) violation of Digital Millennium Copyright Act; (6) false advertising/violation of § 43(a) of the Lanham Act; (7) trade libel/commercial disparagement; (8) breach of contract; (9) civil conspiracy; and (10) unfair competition.  The alleged violation of the Digital Millennium Copyright Act ("DMCA") is the subject of this motion.  Defendants have moved for summary judgment on a portion of Plaintiff's DMCA claims, arguing specifically that the Defendants did not violate the DMCA when they used known, valid logins to gain access to Plaintiff's computer systems. (Def.'s Br. at 36).

On February 4, 2009, Defendants filed the present motion for partial summary judgment to dismiss a portion of Avaya's DMCA claims.  The matter was fully briefed on July 9, 2009.

## II.      Discussion

### A.      Procedural Deficiencies Precluding Grant of Partial Summary Judgment

#### 1.      Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co. Inc.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the

court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56 of the Federal Rules of Civil Procedure permits a party to move "on all or part of the claim." Fed. R. Civ. P. 56(a), (b).  Although the rule literally authorizes a motion on the isolated element of liability on a claim, the validity of a motion seeking judgment of some non-liability element of a claim that would not resolve at least one entire claim is questionable in federal courts.  11-56 Moore's Federal Practice - Civil ¶ 56.40.  Third Circuit precedent is clear on this issue, stating that  "Nothing in [Fed. R. Civ. P. 56] can be read to allow partial summary judgment on only one portion of a claim." *New Jersey Automobile Insurance Plan v. Sciarra*, 103 F. Supp. 2d 388, 396 (D.N.J. 1998) (citing *RePass v. Vreeland*, 357 F.2d 801, 805 (3d Cir. 1966); *Coffman v. Federal Lab., Inc.*, 171 F.2d 94, 98 (3d Cir. 1948)(*cert. denied*, 336 U.S. 913 (1949); *Kendall McGaw Lab., Inc. v. Community Mem'l Hospital*, 125 F.R.D. 420, 421 (D.N.J. 1989); *Westinghouse Elec. Corp. v. Fidelity & Deposit Co.*, 63 B.R. 18, 22 (W.D. Pa. 1986)).  Summary judgment may not be granted on a portion of liability, or on a single issue.  *Id.* at 396.  The *Kendall* court held that summary judgment was not an appropriate method to address a single issue from the rest of the case because it would not have disposed of an entire claim, counterclaim or cross-claim.  *Kendall*, 125 F.R.D. at 422.

### 2.     Summary of Parties' Procedural Arguments

Plaintiff Avaya argues that the Defendants' motion is an improper motion for partial summary judgment because it would not dispose of an entire cause of action.  (Pl.'s Br. in Opp'n.

23).  Plaintiff argues that, even if the Defendants' motion is granted, the DMCA claim will

survive and therefore the Defendants' motion is improper.  (*Id.* at 26).  Avaya also argues that

Defendants' motion is hypothetical because the Defendants have not identified specific instances

where the alleged valid passwords were used on specific PBX systems.  (*Id.* at 26-27).  Avaya

relies heavily on *New Jersey Automobile*, in which a partial summary judgment motion was

denied because it was limited to the interpretation of a single issue within a claim, specifically that

the moving party's interpretation of a set of rules underlying the cause of action was valid.  *New*

*Jersey Automobile*, 103 F. Supp. 2d at 395-96.  In that case, the interpretation of the rules in *New*

*Jersey Automobile* was not dispositive of the greater fraud claim, and therefore the summary

judgment was improper.  *Id.* at 396-7.

        Defendants argue that the dismissal of the entire DMCA claim is not necessary to rise to a

"cause of action" appropriate for summary judgment.  (Defs.' Reply Br. 6).  Defendants argue

that because the instant summary judgment motion would dispose of some of Plaintiff's DMCA

claims with respect to certain actions (e.g., the use of logins), it is not merely hypothetical and is

not an improper motion for summary judgment.  (*Id.*) For the purpose of a Rule 56 motion, the

term "claim" means "an occurrence or transaction which provides the basis for judicial action."

*Kendall McGaw Labs., Inc. v. Community Mem'l Hosp.*, 125 F.R.D. 420, 421 (D.N.J. 1989).  A

"claim" is not synonymous with the term "cause of action."  *See RePass v. Vreeland*, 357 F.2d

801, 805 (3d Cir. 1966).  Defendants argue that Avaya has asserted multiple DMCA "claims" as

part of a broader DMCA "cause of action," and that dismissal of any one of the individual claims

would be the proper basis for a summary judgment motion.  (Def's Reply Br. 10-11).  Defendants

further argue that the relief sought is not hypothetical because specific instances have been alleged

in Defendant's Answer to Interrogatory 27(f) and the data is organized in "Annex 27 - PBX." (*Id.* at 16.)

### 3.    Discussion

The Court concludes that summary judgment is not appropriate because granting the Defendants' motion will not dismiss any portion of Avaya's DMCA claims from the case. All that would be resolved is the fact that the use of valid logins does not violate the DMCA. The ruling that the Defendants seek would not result in dismissal of Avaya's DMCA claims for two reasons.

First, as noted above, Avaya alleges that the Defendants accessed PBXs in ways that are not the subject of this motion, and thus even if the Defendants were to succeed on the merits, Avaya's DMCA claims would still survive *in their entirety*. The instant case is analogous to *New Jersey Automobile*, where Plaintiffs alleged that a group of Defendants defrauded commercial automobile insurers by assisting trucking companies in making false representations in their insurance applications. *New Jersey Automobile*, 103 F. Supp. 2d at 392-3. Plaintiffs further alleged that one of the Defendants utilized a "loophole" in the rules that were used to calculate insurance premiums. *Id.* at 393. Defendants argued that their method of calculating insurance premiums was entirely proper under the rules, and moved for summary judgment asking the court to declare that their methodology was proper. *Id.* at 395. The court refused, holding that the validity of their interpretation of the rules is a "single issue, not any type of claim." *Id.* at 396. Further holding that summary judgment was improper, the court noted that "even if this issue was decided in [movants] favor, it would not automatically dispose of any of Plaintiffs' claims. At best, it remains an issue involved in Plaintiffs' fraud claim." *Id.* A similar situation now presents

itself before this Court.  Avaya alleges that the Defendants violated the DMCA in several different ways, only a subset of which are a subject of the present motion.  (Pl.'s Opp. Br. at 13-22).  A partial summary judgment on this subset of facts would be a decision whose validity depends on an unresolved issue, and would be antithetical to the chronological structure of trial practice. *Kendall McGaw Labs*, 125 F.R.D. at 422 (holding that a Rule 56 movant may not "play leapfrog" with his case by seeking a decision whose validity depends on one or more unresolved issues).

Defendants argue that a "claim" is not synonymous with a "cause of action."  (Def.'s Reply Br. at 10.)  A "claim" is a much narrower legal term than "cause of action," and encompasses a very specific set of facts that forms an independent basis for judicial action. *Kendall*, 125 F.R.D. at 421.  While there are several DMCA "claims" within Plaintiff's larger DMCA "cause of action," the instant motion would still not dismiss a single one of Plaintiff's narrow "claims," and thus must be denied.

Second, the Defendants do not identify a single, specific PBX to which the alleged conduct is applicable, and is therefore asking the Court for a declaratory judgment.  The data is contained in a voluminous spreadsheet labeled "Annex 27 - PBX" that purports to state which PBXs were accessed with known logins.  (Def.'s Reply Br. at 17)  However, the data appears incomplete and unreliable, and the Defendants' *L. Civ. R.* 56.1 Statement of Undisputed Material Facts makes no reference to any specific Avaya PBX system, and *a fortiori* does not state or explain how they gained access to any specific PBX system.  In fact, the Supplemental Certification of S. Graham states merely that:

> Defendants *believe*, based upon all available information and their *ongoing investigation* described above, that all of the other customer PBX sites [in Annex 27-PBX] listing one of the four methods of access or sources of logins at issue in this motion as their "present login source" correctly identifies the only method of

8

access or source of login passwords used by Defendants to perform  maintenance
for such sites.

(S. Graham Supp. Cert., ¶ 19 (emphasis added)).  To rule on this motion would have no effect
until such time as Defendants prove which of the PBXs at issue were accessed with the known,
valid logins that they allege are immune from DMCA liability.  Avaya's DMCA claims may or
may not have merit, but a summary judgment rendered on a discrete set of facts that have yet to be
proven is not the proper vehicle for that determination.  *Kendall*, 125 F.R.D. at 421.  A grant of
the Defendants' motion would not streamline the trial because specific instances of PBX access
would still need to be proven to eliminate those occurrences from the trial.  Since fact-finding is
still necessary, it would be improper to declare that a set of facts, if they can be proven at a later
date, do not violate a statute.

### III.   Conclusion

For the foregoing reasons, the Defendants' motion for partial summary judgment is
DENIED.  An appropriate form of order is filed herewith.


Dated: September 8, 2008

                    s/ Garrett E. Brown, Jr.
                    GARRETT E. BROWN, JR., U.S.D.J.