```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AVAYA INC.<br><br>        Plaintiff,<br><br>   v.<br><br>TELECOM LABS, INC.,<br>TEAMTLI.COM CORP., CONTINUANT,<br>INC., SCOTT GRAHAM, DOUGLAS<br>GRAHAM, and BRUCE SHELBY,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 06-2490<br>       (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

ARCHER & GREINER, PC
Robert T. Egan
One Centennial Square
Haddonfield, NJ 08033
    Counsel for Plaintiff

K&L GATES LLP
Anthony P. Larocco
One Newark Center
10th Floor
Newark, NJ 07201
    and
KIRPATRICK & LOCKHART, PRESTON, GATES, ELLIS, LLP
David S. Kwon
One Newark Center
Tenth Floor
Newark, NJ 07102
    and
HUGHES, HUBBARD & REED, LLP
Eric K. Blumenfeld
101 Hudson Street
Suite 3601
Jersey City, NJ 07302
    Counsel for Defendants

**IRENAS**, Senior District Judge:

1

This case concerns Defendants' access to proprietary maintenance software that Plaintiff Avaya, Inc. and its predecessors developed and embedded in complex telephony systems that they designed, manufactured, and sold.[1] Over the course of six years, this case has become one of the most - if not the most - complicated case in the district. Added to this complexity is a thorough lack of transparency as the majority of the docket has remained under temporary seal pending an anticipated, but as yet unfiled, omnibus motion to seal. Presently before the Court are the parties' responses to this Court's May 17, 2012 Order to Show Cause why the entire record should not be unsealed. (*See* Dkt. Nos. 496-98)

**I.**

On February 9, 2010, Judge Goodman entered a Consolidated Consent Discovery Confidentiality Order. (Dkt. No. 134) The Order provided, *inter alia*, thirty-nine categories of "Protected Litigation Materials," which restricted access of discovery materials to both third parties and even named parties in this case.[2] The Order also provided a procedure by which the parties

---

[1] For a more thorough recitation of the factual and procedural history of this case see Opinion, Nov. 4, 2011, Dkt. No. 415 filed in redacted form at Dkt. No. 488.

[2] Also pending before the Court are motions to amend the parties' agreement restricting access to named parties and their employees in anticipation of litigation. That Motion is contingent upon the scope of material sealed in this matter.

could file motions to seal documents filed on the docket.

The parties followed the February 9, 2010 Order until Judge Brown, in an effort to accelerate dispositive motion practice, on March 11, 2011, permitted the parties to file materials under temporary seal.[3] Using this procedure, the parties filed hundreds of document entries under temporary seal. (*See* Dkt. Nos. 184-478) Each document entry can contain hundreds of pages. (*See, e.g.,* Dkt. No. 334, which contains over 400 pages)

Even judicial opinions have been filed under temporary seal. For example, on February 24, 2012, Avaya filed a motion to redact certain portions of Judge Brown's January 26, 2012 Opinion, which was granted on March 30, 2012. (Dkt. No. 469) The Order granting the Motion directed Plaintiff to file a redacted copy of the Opinion on the docket within five days. Plaintiff has yet to file a redacted version of the Opinion on the docket and the Opinion remains under temporary seal. At least two other Opinions also remain under temporary seal with no redacted version available to the public. (Dkt. Nos. 428, 430) The docket currently contains thousands of pages of temporarily sealed documents with no clear procedure for sifting through the morass.

On April 20, 2012, this case was reassigned to this Court. On May 17, 2012, this Court issued an Order to Show Cause why the

---

[3] The specific procedures were further refined in an Order dated August 17, 2011 and conference calls and emails.

entire record should not be unsealed. (Dkt. No. 496)

In response, Avaya now contends that only five categories of documents should remain sealed.[4] Defendants contend that only two categories of documents should remain sealed: (1) customer list documents, and (2) documents related to a settlement proposal from 2004. Defendants further contend that documents containing confidential business information should be filed on the docket in redacted form.

For the reasons that follow, the Court finds the parties' responses to the Order to Show Cause insufficient. Rather than unsealing the entire record, however, the Court will permit the parties one last opportunity to comply with this Court's Order and Third Circuit precedent.

**II.**

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant, Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). "That presumption disallows the routine and perfunctory closing of judicial records." *Id.* at 193-94 (citing

---

[4] Those five categories are: "(1) internal technical documents regarding the proprietary PBX application software designed and developed by Avaya, including security measures and technological controls; (2) the means and methods by which unauthorized persons (such as Defendants) have gained or can gain unauthorized access to Avaya's PBX systems; (3) Avaya's internal business strategies and internal policies, practices and procedures for all aspects of its PBX business; (4) Avaya's detailed customer-specific information; (5) Avaya's detailed financial information." (Pl.'s Br. 17-35, Dkt. No. 497)

4

*Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). "The practical effect of the right to access doctrine is to create an independent right for the public to view proceedings and to inspect judicial records." *Id.* at 193.

This common law right of access, however, is not absolute. In certain limited circumstances, a party may seek the protection of confidential materials by a showing of good cause. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The Local Rules embody this standard by requiring moving papers to describe: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L.Civ.R. 5.3(c)(2). "The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (quoting *Bank of America Nat'l Trust and Savings Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986).

Applying these standards is a fact-specific inquiry in which "specificity is essential." *In re Cendant*, 260 F.3d at 194. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.*

5

The first factor requires the movant to specify the materials sought to be sealed. The Court rejects the parties' approach to sealing documents by category. It is not up to the parties to decide "in good faith" whether specific documents fall within vague self-serving categories of documents. To retain a sealing order, the movant shall identify the specific language at issue in each document with a pin cite.

The movant then bears the burden of identifying the interests at stake. Claims that necessarily affect the public - such as class actions or, as here, antitrust violations - weigh against sealing documents. *See In re Cendant*, 260 F.3d at 194-95. Moreover, Courts have routinely refused to grant relief based on the basis of generalized interests or private interests that do not present a cognizable injury. *See, e.g., Bank of America*, 800 F.2d at 346 ("[T]he generalized interest in encouraging settlements does not rise to the level of interests that we have recognized may outweigh the public's common law right of access."); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1074 (3d Cir. 1984) (refusing to seal documents relating to poor management decisions or bad business practices). The movant bears the burden to establish a private interest sufficient to overcome the public's presumptive right of access.

The third element requires that an injury be both clearly defined and sufficiently serious. *See MEI, Inc. v. JCM American*

6

*Corp.*, 2010 WL 4810649, *2 (D.N.J. Nov. 17, 2010) (denying motion to seal a settlement agreement based on conclusory proclamations of competitive and monetary injuries); *Warren Distributing Co. V. InBev USA, ILC*, 2010 WL 1491564, *2 (D.N.J. Apr. 13, 2010) ("[S]tatements that the movant will suffer a 'serious harm to business interests' without stating the *specific* harm do not satisfy the requirements of L. Civ. R. 5.3(c)(2) and do not demonstrate good cause."). The parties' initial submissions did not clearly define the alleged injuries with respect to each document sought to be sealed.

    The third element also requires an injury to be sufficiently serious. While the disclosure of certain confidential commercial information may indeed cause a serious injury, a mere reputational injury is insufficient. *See Brumley v. Camin Cargo Control, Inc.*, 2012 WL 300583, *3 (D.N.J. Feb. 1, 2012) (denying motion to seal an FLSA settlement agreement, in part, because private reputational harm was not sufficiently serious); *Shine v. TD Bank Fin. Grp.*, 2011 WL 3328490, * 8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). Moreover, stale financial or technical information may not cause a sufficiently serious injury. In the parties' quickly evolving technological industry, the movant will bear the additional burden of demonstrating in this six-year-old case that the document presents a clearly

7

defined and serious injury today.

Finally, the movant must demonstrate that less restrictive alternatives are not available. For example, redaction is preferable to sealing a document wholesale. *See Houston v. Houston*, 2010 WL 2522689, *2 (D.N.J. June 14, 2012) (denying a motion to seal where defendant failed to explain why "privacy needs could not be equally well served by sealing more narrowly tailored portions of the transcript and motion papers."). It is the burden of the movant, not the Court, to demonstrate that an entire document should be sealed as opposed to redacted. That burden becomes especially relevant where, as here, document entries span hundreds of pages.

### III.

For the foregoing reasons, the Court rejects the parties' insufficient submissions. Should a party object to the unsealing of a document - or portion of a document - the party shall submit papers that address each factor discussed above. In response to Plaintiff's apparent confusion over the initial Order to Show Cause, this Opinion applies to every sealed document on the docket - including Opinions and Orders - whether or not a previous motion to seal was granted. In the future, the parties shall submit motions to seal pursuant to the Local Rules, this Opinion and all previous Orders entered in this case.

8

The parties have 60 days to submit their renewed responses to this Court's May 17, 2012 Order to Show Cause. All submissions shall be directed to Magistrate Judge Williams. If the parties fail to meet their burden, the record will be promptly unsealed.

The parties shall also serve a copy of this Order on all third parties that submitted discovery materials filed on the docket under temporary seal within 5 days. Third parties shall submit responses, if necessary, within 60 days of this Opinion.

Dated: _____    _____

**JOSEPH E. IRENAS, S.U.S.D.J.**