# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVAYA INC.<br><br>         Plaintiff,<br><br>v.<br><br>TELECOM LABS, INC., TEAMTLI.COM CORP., CONTINUANT, INC., SCOTT GRAHAM, DOUGLAS GRAHAM, and BRUCE SHELBY,<br><br>         Defendants/Counterclaimants. | Hon. Joseph E. Irenas, S.U.S.D.J.<br>Hon. Karen M. Williams, U.S.M.J.<br><br><br>Civil Action No. 1:06-cv-02490 (JEI-KMW) |

## BRIEF OF DEFENDANTS TELECOM LABS, INC. AND TEAMTLI.COM CORP. IN SUPPORT OF MOTION TO PRECLUDE OR LIMIT THE SCOPE OF PLAINTIFF'S EIGHTH CAUSE OF ACTION (BREACH OF CONTRACT)

**K&L GATES LLP**
One Newark Center – Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
Counsel for Defendants Telecom Labs, Inc. and TEAMTLI.COM Corp.

On the Brief:
   Anthony P. La Rocco, Esq.
   Kathy Dutton Helmer, Esq.
   Ashley L. Turner, Esq.

NW-443897  v2

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................1

LEGAL ARGUMENT..............................................................................................2

    I.    BECAUSE AVAYA FAILED TO IDENTIFY THE CONTRACT PROVISION ALLEGEDLY BREACHED BY TLI/TEAM, AVAYA SHOULD BE PRECLUDED FROM ASSERTING ITS BREACH OF CONTRACT CLAIM AT TRIAL. ...............................................................................................2

    II.    AVAYA CANNOT EXPAND ITS BREACH OF CONTRACT CLAIMS TO ENCOMPASS ITS MULTI-CHANNEL POLICY. ...................................................................................5

CONCLUSION.........................................................................................................8

i

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*4 Connections LLC v. Optical Commc'ns Grp., Inc.*,
    618 F. Supp. 2d 178 (E.D.N.Y. 2009))..........................................................................7

*Anderson v. Wachovia Mortg. Corp.*,
    497 F.Supp.2d 572 (D. Del. 2007) ................................................................................3

*Commander Oil Corp. v. Advance Food Serv. Equip.*,
    991 F.2d 49 (2d Cir. 1993) ............................................................................................6

*HealthTrio*, *Inc. v. Margules*, No. 06C-04-196, 2007 WL 544156 (Del.
    Super. Jan. 16, 2007) ....................................................................................................3

*Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc.*,
    497 F.Supp.2d 541 (S.D.N.Y.) .....................................................................................2

**STATE CASES**

*Brax Cap. Grp. LLC v. WinWin Gaming, Inc.*,
    922 N.Y.S.2d 43 (N.Y. App. Div. 2011)......................................................................6

*Shark Info. Servs. Corp. v. Crum & Forster Commercial Ins.*,
    222 A.D.2d 251 (N.Y. App. Div. 1995) ......................................................................7

*Sud v. Sud*,
    211 A.D.2d 423 (N.Y. App. Div. 1995) ......................................................................2

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,
    901 A.2d 106 (Del. 2006)..............................................................................................3

*Williams v. Mobil Oil Corp.*,
    83 A.D.2d 434 (N.Y. App. Div. 1981).........................................................................6

Defendants Telecom Labs, Inc. and TEAMTLI.COM Corp., (collectively "TLI/Team") respectfully submit this Brief in support of their Motion to preclude or limit the scope of Count Eight of Avaya Inc.'s Fourth Amended Complaint (the "Breach of Contract Claim").

## PRELIMINARY STATEMENT

Through seven years of litigation and five iterations of its complaint, Avaya never identified the specific provisions of the Reseller Agreements it contends were breached by TLI/Team, despite being required to do so under applicable law. On the eve of trial, Avaya submitted its portion of the Joint Final Pretrial Order ("JFPO"), which identified a single contractual provision that allegedly was breached by TLI/Team. Avaya then appeared to abandon that claim by citing in its Trial Brief, two different contractual provisions that were allegedly breached by TLI/Team. Avaya concedes in its trial brief that it is required to specifically identify the contractual provision allegedly breached by TLI/Team. Avaya's failure to do so has forced TLI/Team to defend against a continually morphing claim. Even on the eve of trial Avaya obfuscated the specific contract provisions that will be at issue during trial. As such, Avaya should either be precluded from asserting its Breach of Contract Claim at trial or, at a minimum, limited to asserting its claim with respect to the two contractual provisions identified in Avaya's trial brief.

# **LEGAL ARGUMENT**

### I. BECAUSE AVAYA FAILED TO IDENTIFY THE CONTRACT PROVISION ALLEGEDLY BREACHED BY TLI/TEAM, AVAYA SHOULD BE PRECLUDED FROM ASSERTING ITS BREACH OF CONTRACT CLAIM AT TRIAL.

Avaya's Breach of Contract Claim is purportedly based on TLI and TeamTLI (collectively "TLI/Team") having breached one or more of the various Reseller Agreements[1] entered into between TLI/Team and Avaya (the "Reseller Agreements). Each of the Reseller Agreements is governed by either New York or Delaware law. Under both New York and Delaware law, in order to pursue a breach of contract action, the plaintiff must "allege, in nonconclusory language . . . the essential terms of the parties' purported contract, including the ***specific provisions*** of the contract upon which liability is predicated." *Sud v. Sud*, 211 A.D.2d 423, 424 (N.Y. App. Div. 1995) (emphasis added); *Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc.*, 497 F.Supp.2d 541, 554 (S.D.N.Y.) (breach of contract claim dismissed because party "failed to allege the specific provision of the Agreement that [defendant] allegedly breached -- an essential requirement for a breach of contract claim"); *HealthTrio, Inc. v. Margules*, No. 06C-04-196, 2007

---

[1] Neither Avaya's Fourth Amended Complaint nor its portion of the JFPO specifies which Reseller Agreements are the subject of its breach of contract claim. Thus, Avaya's claim may apply to one or more of the following Reseller Agreements: (1) the March 6, 1998, Reseller Agreement between TLI and Lucent; (2) the March 21, 2003, Reseller Agreement between TLI and Avaya; and/or (3) the July 24, 2003, Reseller Agreement between TEAMTLI and Avaya (collectively, the "Reseller Agreements").

WL 544156, at *11 (Del. Super. Jan. 16, 2007); *Anderson v. Wachovia Mortg. Corp.*, 497 F.Supp.2d 572, 581 (D. Del. 2007) (breach of contract claim dismissed because plaintiff failed to identify "any express contract provision that was breached"); *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 116 (Del. 2006) (same). In its trial brief, Avaya acknowledged that it was obligated to identify the specific contract provisions that TLI/Team allegedly breached. (Dkt # 1001, Avaya's Trial Br. at 1 ("Avaya must establish the provisions of the contracts that TLI and TEAM are alleged to have breached.").

Here, Avaya failed to identify -- at any point throughout this litigation -- the specific contract provisions allegedly breached by TLI/Team. Avaya's Fourth Amended Complaint contains nothing more than broad, unspecific allegations regarding TLI/Team's obligations under the Reseller Agreements and conclusory statements that TLI/Team breached the agreements. *See* 4th. Am. Compl. (Dkt. # 133) at ¶¶ 147-152. No specific contract provisions are identified in Avaya's Fourth Amended Complaint. *Id.*

Similarly, Avaya failed to identify the contract provisions at issue in its Joint Final Pretrial Order ("JFPO") submission. Although Avaya referred to several provisions of the Reseller Agreements in its JFPO submission, Avaya merely states: "**TLI** did not use its best efforts to promote, market and further the interests of Avaya, its name and Products, and also violated Paragraph 3.2 of the **March 21,**

3

**2003** agreement and other aspects of its agreements with Avaya."[2]  JFPO (Dkt. # 972) at Avaya's Contested Facts ¶ 198 (emphasis added). Significantly, the March 2003 Agreement was executed by TLI only and not TEAMTLI.Com.

However, in its Trial Brief, Avaya did <u>not</u> identify Paragraph 3.2 of the March 21, 2003 agreement as a contract provision that was allegedly breached by TLI/Team.  Instead, Avaya identified two different provisions of the Reseller Agreement that TLI/Team allegedly breached-- Paragraph 4.1 and Paragraph 7.3.[3]  *See* Avaya's Trial Br. (Dkt. # 1001) at 2.

---

[2] Paragraph 3.2 of the March 21, 2003 Reseller Agreement states that "Reseller may not seek to or assist any third party in replacing, interfering with or substituting any pre-existing Avaya Service agreement entered into with an End-User customer listed on the VCP Named Account list available on the Avaya Business Partner Website as modified from time to time by Avaya.  Any act of interference by a Reseller with an existing Avaya Service agreement shall be a material breach of this Agreement.  Reseller will not market or resell a third party's services in support of an Avaya Product where Avaya has a preexisting Services agreement during the term of this Agreement. This entire paragraph pertains to customers listed on Avaya's VCP named account, and does not pertain to customers who are not on the list." JFPO (Dkt. # 972) at Avaya's Contested Facts ¶ 196.

[3] Paragraphs 4.1 and 7.3 are both different from Paragraph 3.2 of the March 21, 2003 Reseller Agreement.  Paragraph 4.1 states that "Reseller shall conduct business in its own name and use commercially reasonable efforts to promote, market and expand the selling of the Products within the Territory. Reseller shall: (a) conduct its business in a manner that reflects favorably on the Products and on the good name, goodwill and reputation of Avaya; (b) avoid deception, misleading or unethical practices; and (c) use best efforts to promote, market, and further the interest of Avaya, its name and Products."  JFPO (Dkt. # 972) at Avaya's Contested Facts ¶ 196.  Paragraph 7.3 states that "Reseller agrees not to reverse engineer, decompile or disassemble software furnished to it in object code form or

4

Avaya's failure to identify a specific contract provision in its Fourth Amended Complaint, and its continually shifting identification since then, has made it impossible for this Court or TLI/Team to know which contract provisions are at issue. Avaya should be precluded from asserting its Breach of Contract Claim at trial based on its failure to specifically identify the contractual provisions it alleges that TLI/Team breached or, alternatively, Avaya should be limited to pursuing its Breach of Contract Claim with respect to only the two contractual provisions that Avaya specifically listed in its trial brief, *i.e.* -- Paragraph 4.1 and Paragraph 7.3 which are contained in the 2003 Reseller Agreements.

## II.  AVAYA CANNOT EXPAND ITS BREACH OF CONTRACT CLAIMS TO ENCOMPASS ITS MULTI-CHANNEL POLICY.

Avaya attempts to argue, for the first time in its Trial Brief, that its Breach of Contract Claim encompasses alleged breaches of Avaya's "Multi-Channel Policy," which Avaya mistakenly claims to have been incorporated into the Reseller Agreements and is contractually binding upon TLI/Team. *See* Avaya's Trial Br. (Dkt. # 1001) at 2-5.

The cases Avaya relies on in support of its argument that the Multi-Channel Policy is part of the Reseller Agreement are distinguishable and do not apply here.

---

permit any third party to do so. For any software included as part of the Licensed Materials which inherently includes the capability of being remotely enabled, Reseller expressly agrees that it shall not enable, or permit or assist any third party to enable, such features or capabilities without Avaya's express written permission. *Id.*

Each and every case cited by Avaya involves documents that the parties *executed* contemporaneously or simultaneously with the contract documents at issue. In *Brax Cap. Grp. LLC v. WinWin Gaming, Inc.*, 922 N.Y.S.2d 43, 44 (N.Y. App. Div. 2011), the Court notes that "documents *executed at about the same time and covering the same subject matter* are to be interpreted together, even if one does not incorporate the terms of the other by reference, and even if they are not executed on the same date, so long as they are 'substantially' contemporaneous." (emphasis added). Similarly, *Williams v. Mobil Oil Corp.*, 83 A.D.2d 434, 439 (N.Y. App. Div. 1981) and *Commander Oil Corp. v. Advance Food Serv. Equip.*, 991 F.2d 49, 52-53 (2d Cir. 1993), both refer to documents being interpreted together if they relate "to the same subject matter and are *executed* simultaneously." None of the cases cited by Avaya refer to incorporating into a contract a document which was neither executed by the parties nor expressly referenced in the contract itself.

Courts unequivocally hold that an unexecuted, unreferenced document cannot be incorporated as part of a contract. Rather, "[t]o incorporate a document by reference, New York law requires that the document be referenced beyond all reasonable doubt. When a contract clearly identifies a single document, it eliminates all reasonable doubt and thus qualifies as an effective incorporation. *4 Connections LLC v. Optical Commc'ns Grp., Inc.*, 618 F. Supp. 2d 178, 183–84

6

(E.D.N.Y. 2009)); *Shark Info. Servs. Corp. v. Crum & Forster Commercial Ins.*, 222 A.D.2d 251, 252 (N.Y. App. Div. 1995) (noting that "[i]ncorporation by reference, of course, is appropriate only where the document to be incorporated is referred to and described in the instrument as issued so as to identify the referenced document "beyond all reasonable doubt"). On the other hand, "vague allusions" to general classes of documents are insufficient to incorporate referenced documents." *4Connections LLC,* 618 F. Supp. 2d at 183-84 (internal citations omitted).

Here, the 2003 Reseller Agreements, do not even mention, much less incorporate by reference Avaya's Multi-Channel Policy. Because the Multi-Channel Policy was never signed by TLI/Team, it cannot be relied upon as a "separate document" executed simultaneously with the Reseller Agreement. Indeed, the policy disclaims having any contractual effect by stating expressly that it merely "provides guidelines" for the use of logins. (D-05443 § 1, last paragraph). Not only is the Multi-Channel Policy an unexecuted document, but it also post-dates the 1998 Reseller Agreement by over a year and pre-dates the 2003 Reseller Agreements by nearly a year. Therefore, it cannot be considered a document that is "executed contemporaneously or simultaneously" with the contract documents. The Multi-Channel Policy, therefore, is not included in, and cannot form the basis of any claim for breach of, the Reseller Agreements.

Although Avaya has sought throughout this litigation to obfuscate the specific provisions of the Reseller Agreements that it claims were breached, there are clear boundaries to what may be asserted as a breach of contract. Those boundaries are formed by the terms of the contract. Here, the Multi-Channel Policy was not part of the Reseller Agreements and Avaya's attempt to incorporate the Multi-Channel Polity into its Breach of Contract Claim should be rejected.

## CONCLUSION

Based on the foregoing, TLI/Team respectfully requests that Avaya be precluded from asserting Count Eight of Avaya's Fourth Amended Complaint for Breach of Contract at trial or, alternatively, that Avaya's Breach of Contract Claim be limited to alleged breach of the provisions listed in Avaya's trial brief, *i.e.* Paragraph 4.1 and Paragraph 7.3 of the 2003 Reseller Agreements.

Dated: September 9, 2013              Respectfully submitted,

**K&L GATES LLP**

Counsel for Defendants Telecom Labs, Inc. and TeamTLI.com Corp.

 /s/  Anthony P. La Rocco
     Anthony P. La Rocco