**ARCHER & GREINER**
A Professional Corporation
One Centennial Square, East Euclid Avenue
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff
By:   ROBERT T. EGAN, ESQUIRE
      MARK J. OBERSTAEDT, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AVAYA INC., <br><br> Plaintiff, <br><br> v. <br><br> TELECOM LABS, INC., TEAMTLI.COM CORP., CONTINUANT INC., DOUGLAS GRAHAM, SCOTT GRAHAM, and BRUCE SHELBY, <br><br> Defendants. | Honorable Joseph E. Irenas, <br> S.U.S.D.J. <br><br> Civil No. 1:06-cv-02490-JEI-KMW |

**AVAYA'S FIRST OBJECTIONS TO DEFENDANTS' PROPOSED
PRELIMINARY JURY INSTRUCTIONS**

I.  **DEFENDANTS' PROPOSED JURY INSTRUCTIONS CONFUSE CLAIM PRECLUSION WITH ISSUE PRECLUSION.**

Defendants' proposed jury instruction on the "Effect of Withdrawn Claims" erroneously equates claim preclusion with issue preclusion and erroneously assumes both doctrines are applicable where no subsequent action has been filed. [Dkt. No. 1002, Defendants' Proposed Jury Instructions at 20-22, Instruction No. II.12] Defendants ask this Court to instruct the jury that, simply because *claim* preclusion attaches to a dismissal with prejudice, thus barring a *subsequent* lawsuit on the same claims dismissed in the prior suit, the jury must consider all of the following "to be established facts" during the jury's deliberations in the present case:

> A. The TLI Parties did not wrongfully access or use any trade secret claimed to exist by Avaya;
>
> B. The TLI Parties did not wrongfully interfere with any contracts between Avaya and purchasers of Avaya's PBX systems;
>
> C. Owners of Avaya-brand PBX systems did not breach any part of their contracts with Avaya by hiring the TLI Parties to perform maintenance of their PBX systems;
>
> D. Owners of Avaya-brand PBX systems did not breach any part of their contracts with Avaya by granting the TLI Parties access to the software on their PBX system to perform maintenance of their PBX systems;
>
> E. The TLI Parties did not wrongfully interfere with any contracts between Avaya and any of Avaya's BPs;

    F.    Avaya's BPs did not breach any portion of their agreements with Avaya by providing the TLI Parties with PBX software maintenance logins;

    G.    The TLI Parties did not violate any copyright laws in accessing software on Avaya's PBX systems;

    H.    The TLI Parties also did not violate the Digital Millennium Copyright Act ("DMCA") by making a security model called the "Guardian" available to their customers;

    I.    Commercial advertisements and sales communications used by the TLI Parties in their businesses were not false or misleading and did not violate federal unfair competition laws;

    J.    The TLI Parties did not make commercially disparaging or libelous statements about Avaya; [and]

    K.    The TLI Parties were not aware of and did not cause any of Avaya's former employees to violate any provision of an employee contract or confidentiality agreement the former employees may have had with Avaya[.]

[Defendants' Proposed Jury Instructions at 20-22, Instruction No. II.12]

Defendants' proposed instruction suffers from a fundamental failure to distinguish between claim preclusion and issue preclusion and a fundamental misunderstanding of the claim and issue preclusion doctrines. The doctrines of claim and issue preclusion are applicable only in *subsequent* lawsuits. *Montana v. United States*, 440 U.S. 147, 152 (1979) (explaining that the doctrine of collateral estoppel, *i.e.* issue preclusion, is applicable only "in *subsequent suits* based on a different cause of action involving a party to the prior litigation" (emphasis

added)); *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 313 (3d Cir. 1995) ("Under the doctrine of res judicata or claim preclusion, a *subsequent suit* based on the same cause of action as a prior suit that involved the same parties or their privies is barred where there has been a final judgment on the merits in the prior suit" (emphasis added)). As the United States Supreme Court has recognized since at least the turn of the last century, neither claim nor issue preclusion is applicable where no subsequent action has been filed. *See G&C Merrian Co. v. Saalfield*, 241 U.S. 22, 29 (1916) ("The doctrine of res judicata" *i.e.* claim preclusion, "furnishes a rule for the decision of a subsequent case between the same parties or their privies respecting the same cause of action. *Obviously the rule for decision applies only when the subsequent action has been brought.*" (emphasis added)).

Furthermore, a voluntary dismissal with prejudice "while constituting an adjudication on the merits for *claim*-preclusion purposes, has no *issue*-preclusive effect." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372 (Fed. Cir. 2013) (emphasis in original). Indeed, "[a] voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002); *see also Levi Strauss & Co.*, 719 F.3d at 1373 (a voluntary dismissal with prejudice does not "decide any specific issue at all"). The Restatement (Second) of Judgments makes this abundantly clear: "In the case of a

3

judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt. e.

In *Amadeo*, the plaintiff filed suit against her disability insurer for tortious bad faith and breach of contract. She later stipulated to a dismissal with prejudice of her breach of contract claim. *Amadeo*, 290 F.3d at 1157-58. The defendant in *Amadeo*, like Defendants in the present case, failed to "distinguish between claim and issue preclusion" and misunderstood the doctrines. *Id.* at 1159. The defendant argued "that the dismissal of Amadeo's breach of contract claim necessarily decided, adversely to Amadeo, the issue of potential for coverage of Amadeo's claim under the policy." *Id.* After citing the Restatement of Judgments and case law from a variety of jurisdictions, the Court held: "issue preclusion cannot attach to Amadeo's voluntary dismissal of her breach of contract claim." *Id.*[1]

The two cases that Defendants do cite as support for their proposed "Effect of Withdrawn Claims" instruction are inapposite. Defendants cite *Fairbank's Capital Corp. v. Milligan*, 234 Fed. App'x 21, 23 (3d Cir. 2007), and *Sheridan v. Fox*, 531 F. Supp. 151, 154-55 (E.D. Pa. 1982), *disapproved of on other grounds by United States Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914 (3d Cir. 1990). In *Fairbank's*, the Third Circuit held that a prior mortgage

---

[1]   The Court then noted that claim preclusion was likewise inapplicable because the defendant was "not seeking to preclude 'another action' by Amadeo." *Id.* at 1160.

4

foreclosure lawsuit that had been dismissed with prejudice after the parties apparently settled their differences could not "bar a subsequent mortgage foreclosure action based on defaults occurring after dismissal of the first action merely because the current mortgagee ... is in privity with the former settling party." *Fairbank's Capital Corp.*, 234 Fed. App'x at 22, 24. The Court stated that "[a] dismissal with prejudice is treated as an adjudication of the merits and thus has preclusive effect," but the Court was discussing *claim* preclusion in the context of a *subsequent* lawsuit. The case is irrelevant to the issue here.

In *Sheridan*, the plaintiff moved to dismiss its defamation action and, due to novel circumstances, the defendant opposed the motion. *Sheridan*, 531 F. Supp. at 152-53. In determining whether to grant the plaintiff's motion for voluntary dismissal, the Court noted that a voluntary dismissal with prejudice of the lawsuit would bar "further suit from the plaintiff on the same cause of action," *i.e.* it would have *claim* preclusive effect in subsequent litigation. Again, the case is irrelevant.

Defendants' attempt to poison the jury with their proposed "Effect of Withdrawn Claims" instruction is entirely contrary to the law and should be flatly rejected by this Court. Furthermore, Defendants should not be allowed to refer to Avaya's voluntary dismissal of claims during trial. Avaya has not located any Third Circuit case law addressing the proposition that parties should be permitted at trial to refer to or present evidence of previously dismissed claims, and

Defendants cite none. In fact, allowing parties to refer to previously dismissed claims at trial is improper under Federal Rules of Evidence 402 and 403 and is contrary to the policy of encouraging efficient litigation. *See L'Etoile v. New England Finish Sys., Inc.*, 575 F. Supp. 2d 331, 340 (D.N.H. 2008) (granting motion *in limine* to exclude reference to voluntarily dropped claims because such references would have "little if any probative value," would carry "significant risk of undue delay and waste of time," and, further, because allowing such references would "exert a chilling effect on ... efforts to narrow the case before trial — efforts that serve the interests of both courts and litigants in conducting efficient litigation"); *Bryce v. Trace, Inc.*, No. CIV-06-775-D, 2008 WL 906142, at *3 (W.D. Okla. Mar. 31, 2008) (granting motion to exclude all references to voluntarily dismissed or abandoned claims because "shielding such matters from the jury is common practice"); *Heriges v. Wilson Cnty.*, No. 3:09-cv-0362, 2010 WL 4116719, at *11 n.7 (M.D. Tenn. Oct. 19, 2010) (holding that trial court properly granted motion *in limine* to exclude evidence of prior claims that were asserted in good faith but later voluntarily dismissed). Any other approach would draw the parties and the court into a trial of the merits of the withdrawn claims, if for no other reason than to counter the taint that would accompany the inference that the claims lacked merit or were filed for "improper" reasons.

For the above reasons, Defendants' proposed "Effect of Withdrawn Claims"

6

jury instruction should be rejected.

## II. DEFENDANTS' PROPOSED JURY INSTRUCTIONS DESCRIBE A SIX-PART TRIAL DESPITE THE FACT THAT THIS COURT HAS TWICE REJECTED DEFENDANTS' REQUEST FOR SUCH A TRIAL.

The standard order of proof in a civil jury trial is as follows: (1) the plaintiff presents its case in chief; (2) the defendant presents its evidence attacking the plaintiff's case as well as its evidence supporting any affirmative defenses and/or counterclaims; (3) the plaintiff presents its rebuttal evidence; and (4) the defendant presents its surrebuttal evidence. 28 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 6164(a) (2013). In an April 1, 2013 letter to the Court, Defendants proposed deviating from the standard order of proof by adopting a six-part order of proof. At a pre-trial conference held on April 25, 2013, the Court instructed that the trial would proceed according to the standard four-part order of proof unless the Court was strongly persuaded otherwise.

Defendants again raised the issue of deviating from standard federal practice by holding a six-part trial during the status conference held on September 3, 2013. After hearing argument from both sides, the Court instructed the parties that the trial will proceed according to the standard four-part order of proof: Avaya will present its case-in-chief; Defendants will present their defense and counterclaims; Avaya will present its rebuttal; and Defendants will present their rebuttal on the

7

antitrust counterclaims. [Exhibit A, Transcript of 9/3/13 Status Conference at 76:1-7]

Defendants' proposed charges, which were filed at noon on September 3, 2013, before the 3pm status conference on that date, describe a six-part order of proof. [*See* Defendants' Proposed Jury Instructions at 12-13, Instruction No. I.7] Avaya objects to instructing the jury that the trial will proceed in six parts when the trial will actually proceed in four parts, as is standard in federal practice and as this Court has ruled. Avaya respectfully requests that the alternative preliminary instruction attached as Exhibit B, which reflects the standard four-part order of proof adopted by this Court, be given instead of Defendants' proposed trial proceedings instruction.

                                                       Respectfully Submitted,

                                                       ARCHER & GREINER
                                                       Attorneys for Plaintiff

                                                       By: _____
                                                           ROBERT T. EGAN, ESQ.

Dated: September 10, 2013

Of Counsel:

**BRYAN CAVE LLP**
Lawrence G. Scarborough, Esq.
Daniel I. Prywes, Esq.
Jacob A. Kramer, Esq.
1155 F Street N.W., Suite 700
Washington, DC  20004