**ARCHER & GREINER**
A Professional Corporation
One Centennial Square, East Euclid Avenue
Haddonfield, NJ 08033-0968
(856) 795-2121
**Attorneys for Plaintiff**
By:   ROBERT T. EGAN, ESQUIRE
      MARK J. OBERSTAEDT, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AVAYA INC., <br><br> Plaintiff, <br><br> v. <br><br> TELECOM LABS, INC., TEAMTLI.COM CORP., CONTINUANT, INC., DOUGLAS GRAHAM, SCOTT GRAHAM, and BRUCE SHELBY, <br><br> Defendants. | Honorable Joseph E. Irenas, S.U.S.D.J. <br><br> Civil No. 1:06-cv-02490-JEI-KMW <br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM IN SUPPORT OF AVAYA'S MOTION TO EXCLUDE EVIDENCE REGARDING AVAYA'S OFF-SHORE ENGINEERS AND PDS-RELATED LAYOFFS**

## I. INTRODUCTION

TLI/C appears poised to introduce substantial testimony purporting to demonstrate that Avaya suffered a decline in customer service quality after it laid off Americans and hired PDS engineers based in India. The Court should preclude TLI/C from offering any of this testimony, which is irrelevant and appears calculated to prejudice the jury against Avaya with gratuitous references to national origin and appeals to economic populism.

By way of example, TLI/C's designated "read-in" testimony from Avaya PDS employees includes the following:

- Q. Okay. What levels or tiers of technicians work out of India? Was it just the higher-level-tier engineers? A. No. The lower level. Equal to our team. They were they were hired to do the same type of work that was to the frontline engineers. (Ex.1, Federoff Dep. (4/15/10) at 49:25-50:4.)

- Q. Okay. Do you recall -- in your personal opinion or view, did Avaya encounter any customer relationship issues as a result of this? A. Oh, yes. Q. Can you describe for me some of those -- the nature of those customer relationship issues? A. Lack of skill, language, accent issues. You know, speaking was -- was major; and lack of accountability. (*Id.* at 50:16-23.)

- A. There's -- you know, if there's an issue that needs to be done now, they don't react the way someone in North America would react. (*Id.* at 75:1-75:3.)

- A. I first learned about VR when we had a round of layoffs. It was the same day. Q. When you say "we" had a round of layoffs, was it Avaya do you recall? A. I believe we were Avaya at that time. I could not -- I'm not 100 percent sure but I believe that's true. (Ex. 2, M. Lee Dep. (11/10/2010) at 158:6-11.)

- Q. Can you tell me the time periods when those types of layoffs occurred? A. I know that we've had multiple waves of layoffs of both engineers, and

1

>then also support personnel.  I'd have to refer to records to get, you know, more accurate time frames.  But I know that we've gone through multiple waves.  And then the last wave was basically the transition to having the development group within Pune, and that -- in staffing up the Pune organization, and then eliminating the people in the U.S. associated with it.  Q.  Are you talking about the team out in India?  A.  Yeah.  Yeah.  (Ex. 3, Hedges Dep. (4/13/10) at 193:9-20.)

This testimony is irrelevant and unduly prejudicial.

Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  *Martin v. Port Auth. Transit of Allegheny County*, 115 Fed. App'x 556, 558 (3d Cir. 2004).  In addition, the trial court has broad discretion to exclude unduly prejudicial, confusing, and misleading evidence under Rule 403.  *United States v. Kemp*, 500 F.3d 257, 295 (3d Cir. 2007).

As set forth in two other *in limine* motions filed by Avaya (Dkt. Nos. 967 & 1092), anecdotal evidence is insufficient as a matter of law to establish a decline in quality in an antitrust case.  *K.M.B. Warehouse Distrs., Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 128 (2d Cir. 1995); *Kochert v. Greater Lafayette Health Servs., Inc.*, 463 F.3d 710, 719 (7th Cir. 2006).

Even if anecdotal evidence of diminished quality is allowed in this case, evidence that Avaya laid off Americans and hired PDS engineers in India with "accent issues" and a "lack of accountability" – who "don't react the way someone in North America would react" – is irrelevant and does not establish a reduction in quality.  Indeed, the underlying premise of such evidence is that engineers based in

India are less qualified than Americans. *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 539 (2d Cir. 1992) ("[t]here is no doubt whatever that appeals to the regional bias of a jury are completely out of place in a federal courtroom").[1]

In *Insignia Sys., Inc. v. News Am. Mktg. In-Store*, 2011 U.S. Dist. LEXIS 10740, at *15 (D. Minn. Feb. 3, 2011), for example, the court precluded evidence of layoffs, because, in a "poor economic climate," such evidence would "play to a jury's sympathies and fears which are inappropriate bases for jury consideration." As in that case, evidence that Avaya replaced American workers with engineers in India "walks a fine line on relevance," and appears to be offered only to "inflame the passions of the jury" by suggesting that Avaya shipped American jobs to less-qualified offshore workers . *Id.*

---

[1] *See also Boyle v. Mannesmann Demag Corp*. 1993 WL 113734, at *3 (6th Cir. Apr. 13, 1993) ("repeated references to a party's citizenship or nationality" can be "unduly prejudicial to that party"); *Nair v. Columbus State Cmty. Coll.*, 2008 WL 3822341, at *6 (S.D. Ohio Aug. 12, 2008) (excluding "any reference to national origin in this post-9/11 world" as "based on xenophobic or nationalistic fears of individuals of different national origin"); *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) (references to Far Eastern parent corporations and "foreign goods" could "prejudicially appeal to xenophobia and the current United States-Japanese trade imbalance"); *Hong v. City of St. Louis*, 698 F. Supp. 180, 182 (E.D. Mo. 1988) (statements about party's Chinese origin during cross-examination and closing could have "prejudicially appealed to xenophobic tendencies of the jury").

Accordingly, Avaya moves that all evidence concerning its decision to lay off PDS employees in the United States and hire off-shore personnel be excluded under Rules 402 and 403.

Respectfully Submitted,

ARCHER & GREINER
Attorneys for Plaintiff

By:  *s/Lloyd Freeman*
 ROBERT T. EGAN, ESQUIRE
 LLOYD FREEMAN, ESQUIRE

Dated: November 13, 2013

Of Counsel:
**BRYAN CAVE LLP**
Lawrence G. Scarborough, Esq.
Daniel I. Prywes, Esq.
Jacob A. Kramer, Esq.
1155 F Street N.W., Suite 700
Washington, DC  20004

10419008v1

4