# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AVAYA, Inc.,<br><br>               Plaintiff,<br><br>      v.<br><br>TELECOM LABS, Inc., et al.,<br><br>              Defendants | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 06-2490<br><br>**OPINION** |

**Simandle**, Chief Judge:

This discovery matter comes before the Court in reference to Telecom Labs, Inc.'s ("TLI/C") application for attorneys' fees and costs as a prevailing party against Avaya, Inc. [Docket Item 1412]. More specifically, the Court address whether TLI/C should be required to produce the actual detailed billing information underlying its petition for costs and fees, and, if so, whether reciprocal production of Avaya's detailed billing information should also be required.

## 1. Procedural history

The late Judge Joseph E. Irenas entered a judgment pursuant to Section 4 of the Clayton Act in favor of TLI/C, following a lengthy jury trial, on September 11, 2014. [Docket Item 1398]. TLI/C filed the relevant application for attorney's fees and costs on November 11, 2014, requesting upwards of $59 million in fees. (TLI/C's Application for Attorneys' Fees, hereafter "TLI/C

Fee Application") [Docket Item 1412]. The application included 58 exhibits with 37 spreadsheets summarizing detailed billing information. (Id.) The summaries identified the time keepers who worked on each task, described the work each timekeeper performed on the task, the hours each billed to the task, the date range the time keeper worked on the task, the billing rate for each time keeper, and the total amount of fees the work by that time keeper would have generated at the discounted rates. (Id.) TLI/C did not include the daily billing records in the application. (See Id.)

The fee application also included a report and summary by expert David Paige of Legal Fee Advisors. [Docket Item 1412, Ex. 5]. The expert report indicates that he considered TLI/C's detailed billing records in forming his opinions. (Id.)

After TLI/C submitted their petition for fees and costs, Avaya wrote a letter to the Court, addressed to Magistrate Judge Williams, requesting that the Court require TLI/C to produce their detailed billing information in connection with TLI/C's fee application. TLI/C opposed the request for production in a December 9, 2014 letter to the Court.

Judge Irenas convened a status conference on December 11, 2014. [Docket Item 1420]. Judge Irenas initially suggested that he would order both sides to produce their billing invoices in full, but then decided to give the parties time to confer and

resolve the issues amongst themselves. [Docket Item 1420]. The parties failed to reach a resolution on this issue. [See Docket Item 1423]. In a subsequent status conference, on December 22, 2014, Judge Irenas determined that Avaya had sufficient information to respond, at least initially, to TLI/C's petition for attorneys' fees and costs. [Docket Item 1423]. Judge Irenas stated that after the briefing was complete, he might appoint a Special Master and require additional discovery. (Id.) The parties subsequently briefed the application for attorneys' fees and costs without the detailed billing records.

    After Judge Irenas' tragic passing, the case was transferred to the undersigned. [Docket Item 1453]. The Court convened a telephone status conference on December 14, 2015 to discuss the appointment of a Special Master and the Court requested briefing on the appointment and related matters. [See Docket Item 1456; Docket Item 1457].

    In the additional briefing, Avaya requested that the Court require TLI/C to produce their billing records. (Avaya's Brief Regarding the Proposed Appointment of a Special Master and Other Related Issues, hereafter "Avaya Special Master Brief")[Docket Item 1459]. TLI/C opposed the additional production, but took the position that if they were required to produce their billing records, Avaya should also be required to produce its invoices. (TLI/C Brief in regards to the Proposed Appointment of a Special

Master, hereafter "TLI/C Special Master Brief")[Docket Item
1458]. TLI/C also requested that any production remain limited to
"expert eyes only." (Id.) The Court heard argument on the matter
on January 13, 2016, and also addressed some related discovery
issues as discussed herein.

**2. Discussion**

Avaya has requested that the Court order TLI/C to produce
their billing records to supplement their $59 million dollar
application for attorneys' fees. For the following reasons, the
Court will order the production of the billing records.

**A.   Discovery**

The Third Circuit has held that a "prevailing party is not
automatically entitled to compensation for all the time its
attorneys spent working on the case; rather, a court awarding
fees must 'decide whether the hours set out were reasonably
expended for each of the particular purposes described and then
exclude those that are excessive, redundant, or otherwise
unnecessary.'" Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,
726 F.3d 403, 416 (3d Cir. 2013). "[T]he fee applicant bears the
burden of establishing entitlement to an award and documenting
the appropriate hours expended and hourly rates." Hensley v.
Eckerhart, 461 U.S. 424, 437(1983). A fee petition must be
specific enough to allow the district court "to determine if the

4

hours claimed are unreasonable for the work performed." Rode v.

Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990).

Discovery in connection with a fee application should

normally be limited, as a "request for attorney's fees should not

result in a second major litigation." Hensley, 461 U.S. at 437.

However, as the undersigned explained in a previous complex fee

application:

> Whether discovery is warranted depends on
> consideration of the nature of the adversary
> process in determining a reasonable fee after
> hearing the objections which have been raised. The
> legitimate needs of petitioner counsel for a prompt
> adjudication of their fee request must be
> accommodated with the needs of the objectors to
> obtain reasonable discovery to probe the requested
> fees and costs and, ultimately, to frame the issues
> for adjudication after a well-focused adversary
> proceeding.

In re First Peoples Bank Shareholders Litig., 121 F.R.D. 219, 223

(D.N.J. 1988). Thus, any discovery ordered "must be limited to

information relevant to the factors which the court will

eventually consider in assessing the fee." Id.

As noted above, TLI/C included spreadsheets containing

summaries of detailed billing information, but did not include

their daily billing records. (TLI/C Fee Application.). Ayava has

argued that TLI/C's submission is incomplete without the billing

records. (Avaya's Brief in Opposition to TLI/C's Application for

Attorneys' Fees and Expenses, hereafter "Avaya

Opposition")[Docket Item 1426]. In supplemental briefing to the

Court, Avaya has argued that the billing records will be essential to the Special Master's function. (Avaya Special Master Brief). Avaya argued that without the full production of the records, the Special Master will be unable to conduct a "line by line analysis" to assess reasonableness or accuracy. (Id.) Avaya has also argued that the Special Master will be unable to determine if the entries were properly recorded, and will be unable to separate the fees related to the counter-claims and state law claims, thereby limiting the Special Master's ability to make a report and recommendation. (Id.) Lastly, Avaya claims that without the complete billing records, Avaya has been unable to issue a complete defense. (Id.)

Additional discovery may be authorized under Fed. R. Civ. P. 26(b)(1)(eff. Dec. 1, 2015), which holds:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit . . . .

Fed. R. Civ. P. 26 (b)(1).

With $59 million dollars at stake, this Court notes that this is not an ordinary fee application in scale. The billing records are at the heart of TLI/C's claim for attorneys' fees.

The production of these records will not cause undue delay and will lead to a better understanding of the summaries and categories of attorney services that TLI/C has identified. The Court will therefore grant Avaya's request for discovery of TLI/C's billing records for which TLI/C seeks attorneys' fees.

While TLI/C has argued that production of billing records will add to the delay of an already protracted case, the Court observes that TLI/C has already provided the billing records to TLI/C's own expert to review, and that TLI/C has grouped and summarized them with considerable effort. (TLI/C Special Master Brief). Given TLI/C's previous production of and familiarity with the records, the Court believes that TLI/C should be able to produce the records without significant delay or expense.

This discovery obligation shall also extend to the records underlying all fees sought in TLI/C's supplemental application pertaining to fees incurred up to February 28, 2015 [Docket Item 1443]. Finally, TLI/C will not be required to produce documentation pertaining to services for which it is not seeking recovery of attorneys' fees.

## B. Local Rule 54.2

Fee applications filed in the District of New Jersey must also comply with Local Civil Rule 54.2(a), which requires the fee petitioner to set forth:

7

1) The nature of the services rendered, the amount of the
   estate or fund in court, if any, the responsibility
   assumed, the results obtained, any particular novelty or
   difficulty about the matter and other facts pertinent to
   the valuation of services rendered;
2) A record of the dates of services rendered;
3) A description of the services rendered on each of such
   dates by each person of that firm including the identity
   of the person rendering the service and a brief
   description of that person's professional experience
4) The time spent in the rendering of each such services;
   and
5) The normal billing rate for each of said persons for the
   type of work performed.

L. Civ. R. 54.2(a).

This Court finds that the materials produced to date by

TLI/C do not comply with the obligation to produce particularized

information envisioned by Local Civil Rule 54.2(a).  The

spreadsheets are detailed as to only a broad category of task and

the person who completed such task, but not as to particular

services and dates. As Avaya points out, some of the entries

describe tasks that span years and probably hundreds of discrete

attorney events, providing only a broad range of dates. (Avaya

Special Master Brief). The rule requires "a description of the

services rendered on each of such dates." See L. Civ. R.

54.2(a)(3). This Court finds that entries describing work

undertaken over many years is insufficient to meet the

requirements of Local Civil Rule 54.2(a).

Judge Irenas, of course, was well acquainted with Local

Civil Rule 54.2, and he was willing to permit TLI/C to attempt a

8

streamlined approach of using groupings and summaries of this
enormous cache of data, while leaving open the possibility that a
more detailed production would be required. There is no reason
why a fee petition could never be decided through analysis of
categories summarizing the efforts undertaken, and indeed the
possibility of categorical decision may be considered by the
parties and the Special Master in this case, a possibility
envisioned by Judge Irenas, too. Local Civil Rule 54.2 enjoys
flexibility in its application to individual case circumstances,
and the grouping of attorney services into categories remains an
option. As a practical matter, no party — neither TLI/C nor
Avaya — reasonably expects a judicial determination of the
recoverability of each of TLI/C's 90,000 plus billing entries, on
an atomic, individual basis. How fine-grained the analysis needs
to be will remain for the Special Master to decide in the first
instance.

But whether or not categorical argument and determination is
the preferable procedure, the spirit of Local Civil Rule 54.2(a)
informs the discoverability of the underlying attorney fee
services and billings. Before Avaya can be called upon to accept
TLI/C's summaries and categories as being reasonably accurate,
Avaya, as the party defending this fee petition, should have
access to the underlying billing entries for which fee-shifting
is sought. Without this data, it would not be in a position to

rely upon TLI/C's summaries and categorizations of services and fees. Where $60 million is sought in this petition, it is highly proportional to require production of these records.

That the data underlying a summary must be produced to the adversary is also a well-recognized rule. To the extent TLI/C seeks to admit summaries of its attorney services and billing into evidence, admissibility is governed by Rule 1006 of the Federal Rules of Evidence, which provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Ev. 1006.

Thus, it is axiomatic that before TLI/C's summaries and flow charts are considered as evidence, Avaya must have access to, including making copies of, the underlying records, pursuant to Fed. R. Ev. 1006. Today's order serves that purpose as well.

As discussed above, this Court does not hold that summaries can never comply with L. Civ. R. 54.2. Courts in this district have held that sufficiently detailed summaries may be appropriate for fee applications. See, e.g., D'Onofrio v. Borough of Seaside Park, No. CIV. 09-06220, 2012 WL 6672303, at *4 (D.N.J. Dec. 20, 2012). Again, the production of the underlying billing records in discovery is fundamental to understanding and employing the

summaries as evidence. The Court will therefore order TLI/C to produce the daily billing records for which TLI/C seeks reimbursement in its initial and supplemental applications.

**C. Production under Rule 26 disclosures**

The Court also finds, alternatively, that production of the billing records is required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii). As noted, TLI/C has submitted the expert report of David Paige on TLI/C's billing practices, but has not submitted the billing records that Paige reviewed. [Docket Item 1412]. The report will be considered by the Special Master. Rule 26(a)(2)(B) requires that certain disclosures accompany expert testimony "if the witness is one retained or specially employed to provide expert testimony in this case." Fed. R. Civ. P. 26(a)(2)(B). The required disclosures include "the facts or data considered by the witness in forming them." Id. As a Court in the Eastern District of Pennsylvania explained, the required disclosures under Rule 26(a)(2)(B) include "any information furnished to a testifying expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected." Fialkowski v. Perry, No. CIV.A. 11-5139, 2012 WL 2527020, at *3 (E.D. Pa. June 29, 2012). In fact, in a previous order for this case, Magistrate Judge Williams required the disclosure of an email to Avaya under Fed. R. Civ. P.

26(a)(2)(B) after it was provided to TLI/C's testifying damages and causation expert. [Docket Item 961]. Since Paige was retained to provide testimony specific to the fee application, under Fed. R. Civ. P. 26(a)((2)(B), TLI/C must produce the billing records that were given to TLI/C's expert and necessarily informed the expert's review. For all the above reasons, the Court will direct TLI/C to produce the individualized billing records for which it seeks compensation in this petition, within fourteen (14) days of the entry of the accompany Order.

**D. Avaya's reciprocal production of billing records**

TLI/C has also argued that if TLI/C is required to produce their daily billing records, Avaya should be required to produce their daily billing records. (TLI/C Special Master Brief). The Court declines to require simultaneous production. However, if Avaya brings a challenge to TLI/C's billing records, this Court will grant TLI/C's request and require Avaya to produce evidence of their reciprocal daily billing records for comparison with respect to all challenged matters.

The Third Circuit has stated that the disclosure of fees paid by settling defendants in the underlying litigation could be relevant to the reasonableness of the fees requested. See In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3d Cir. 1984). While the District Court declined to require the disclosure of such fee information, and the Third Circuit did not find this

12

ruling to be an abuse of discretion, the Third Circuit nonetheless observed, "The request was made for the purpose of enlightening the court as to reasonable hours and hourly rates for comparable lawyers in complex litigation. The information sought certainly was relevant, and arguably even helpful." Id.

Courts in this Circuit have permitted such reciprocal fee discovery. For instance, in a fee application case where the defendant raised issues of reasonableness and overlap, the Court in the District of Delaware permitted discovery of the defendant's billing information. Coal. To Save Our Children v. State Bd. of Educ. of State of Del., 143 F.R.D. 61, 66(D. Del. 1992).

This Court looks also to Professor Herbert B. Newberg's treatise on fee awards, where Newberg explained:

> While not precisely comparable to plaintiff's hours expended or rates charged, corresponding information of defendants may be desirable to permit the court to assess defendants' litigation efforts and fees as compared to the plaintiff, and to discourage challenges to the total hours or normal rates claimed in the fee application as excessive, when defendants' hours or rates are similar or significantly higher.

See id. n.3 (citing Fee Awards § 6.07 at 194–95).

This Court finds that if Avaya brings a further challenge to TLI/C's billing records, a comparison of Avaya's reciprocal billing records may be relevant and helpful to the Special Master. The Court will therefore require Avaya to produce

13

portions of their billing records that correspond to any

remaining objections to TLI/C's petition.

As discussed at oral argument, the Court will give Avaya the

opportunity to identify the aspects of TLI/C's fee petition to

which it does not object.[1] For all areas that remain in dispute,

Avaya will be required to produce this reciprocal discovery

within 45 days of receiving TLI/C's billing records ordered

herein, for services through February 28, 2015.

Avaya is also granted the opportunity for its expert to

supplement his prior report as to TLI/C's fee request with the

benefit of TLI/C's billing records. Avaya proposed, and the Court

agreed, that it should have the opportunity to narrow and refocus

the areas of dispute in this application. Therefore, within this

same 45 day period, Avaya shall serve its supplemental expert

report and its supplemental statement identifying the matters and

extent, with specificity, as to which it does not dispute TLI/C's

fee request.

Finally, TLI/C is similarly granted leave, not more than 21

days after it receives Avaya's supplemental expert report,

reciprocal discovery, and statement identifying the matters and

extent as to which Avaya does not dispute the fee request, to

---

[1] Avaya's overall objection to any fee shifting on the basis that
TLI/C's prevailing party status was erroneous, is of course
preserved.

serve a supplemental report of its own expert to refocus the remaining dispute for disposition.

**E. Attorney Client Privilege and Confidentiality**

TLI/C has requested time to redact some of the information TLI/C believes to be protected by attorney client privilege. The "protection of the privilege extends only to communications and not to facts." Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994). This Court will allow limited redaction of attorney client communications contained within the billing records.

The Court will not permit TLI/C to claim privilege to protect the records themselves, nor any relevant information describing the specific tasks and work product conducted by TLI/C's attorneys. TLI/C has placed their billing records in issue by moving for attorneys' fees. In so doing, TLI/C has necessarily waived the protections of attorney client privilege or work product relating to the billing records. "Privilege may not be used both as sword and shield." In re Human Tissue Products Liab. Litig., 255 F.R.D. 151, 158 (D.N.J. 2008). There is an "implied waiver of the attorney-client and/or attorney work product privilege where a client affirmatively places otherwise privileged information at issue in the case." Id.  Given the waiver, the Court does not expect significant redactions, but will permit redaction of specific confidential communications

15

between attorney and client that are not needed for an understanding of the services for which TLI/C seeks compensation herein. Any such redactions will be listed in a privilege log as required by Rule 26(b)(5)(A), Fed. R. Civ. P.

Additionally, TLI/C has also requested that the Court limit the issuance of the billing records to "expert eyes only." The Court declines to make such a determination. The Court does not find that the billing information is sufficiently sensitive or confidential to require such a designation. Especially where reciprocal discovery of billing information has been required, the tactical advantage of receiving such work product indicators from an opponent, if any, is also reciprocal.

## 3. Conclusion

For the aforementioned reasons, TLI/C will be ordered to produce the billing records for which they have petitioned for attorneys' fees and costs on the initial and supplemental applications. TLI/C may produce records of the hours for which TLI/C is not seeking fees, but is not required to do so. Reciprocal discovery by Avaya, 45 days after receiving TLI/C's production of billing records, is also required. An appropriate order will follow.

January 19, 2016
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

16