IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVAYA INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TELECOM LABS, INC., TEAMTLI.COM CORP., CONTINUANT, INC., SCOTT GRAHAM, DOUGLAS GRAHAM, and BRUCE SHELBY,<br><br>　　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>06-2490 (JBS/KMW)<br><br>**MEMORANDUM OPINION FOR PAYMENT OF SPECIAL MASTER'S COMPENSATION AND COSTS** |

SIMANDLE, Chief Judge:

　　This matter comes before the Court upon Motion [Docket Item 1485] of John E. Keefe, Sr. for compensation and costs for services as Special Master in the within matter pursuant to Rules 53 & 54(d), Fed. R. Civ. P., filed on September 21, 2016; and

　　The Court finding:

　　1.　The Hon. John E. Keefe, Sr. (Ret.), of the firm Keefe Bartels, was selected by the parties and appointed by the Court to serve as Special Master by order entered January 25, 2016 [Docket Item 1466].  Under that Order, the Special Master was tasked with addressing, on a report and recommendation basis, the voluminous and complex attorney fee petition on behalf of the TLI Defendants, who had been entitled to seek reasonable fees and costs as the prevailing party after trial, as well as the TLI Defendants' application for costs.

2.     The Order provided for the Court to approve the compensation and reimbursement of the Special Master under the procedure of ¶ 9 of that Order, which has been followed herein.

3.     On September 15, 2016, John E. Keefe, Sr., completed his comprehensive Report and Recommendation and filed same with the Court [Docket Item 1482] and provided it to the parties, recommending an award of costs and fees in favor of the TLI Defendants as prevailing parties, for reasons set forth therein.

4.     Thereafter, both parties timely indicated that there were areas in which they sought partial reconsideration by the Special Master.  The court directed the parties to address their reconsideration motions to the Special Master in the first instance and to forego filing objections to the Report and Recommendation with the District Court until the Special Master resolved the reconsideration requests [Docket Item 1486].

5.     Before the Special Master's reconsideration process commenced, on September 30, 2016, the United States Court of Appeals for the Third Circuit vacated the underlying judgment in Avaya, Inc. v. Telecom Labs, Inc., et al., 838 F.3d 354 (3d Cir. 2016).  The Third Circuit denied Defendant-Counterclaimant TLI's petition for panel rehearing and rehearing *en banc,* and it issued its mandate returning the case to this Court on December 5, 2016. [Docket Item 1492.]

6.     It is clear that the TLI Defendants are no longer the prevailing party and that they are not entitled to press their applications for an award of attorney's fees and costs.

7. It is also clear that the work of the Special Master is at an end and that he should be paid by the parties in accordance with the Order under which he earned such compensation and reimbursement for fees. There is no just reason for delay in making the reimbursements to the Special Master. The Special Master's motion for compensation and costs has been pending since September 21, 2016 [Docket Item 1485].

8. The Court notes that neither side objects to the quantum of the Special Master's compensation and fees, which have been properly itemized in the motion and accompanying Certification. Such fees shall be paid to the Special Master in the amount of $162,202.50 and such costs shall be reimbursed in the amount of $2,824.86, for a total of $165,027.36.

9. The Order Appointing Special Master [Docket Item 1466] provided that "[i]n the event that the Third Circuit reverses the underlying judgment, the Special Master's approved fees and costs may be recoverable to the prevailing party as costs, subject to any reallocation by the Court at the conclusion of the Special Master proceedings." Id. at 12. This Court thus recognized that any obligation to pay the Special Master's costs and fees must first be satisfied and that it would be subject to reallocation to the other party as costs after it is ultimately determined who the prevailing party is. At the present time, the Third Circuit has vacated and remanded the prior judgment on the merits, but it has not "reversed," that is, it has not determined who the ultimate prevailing party is. In this situation, the Special Master should not have to wait for reimbursement for the services faithfully and timely rendered to both sides of

3

the disputes on attorney's fees and costs.  The Court will thus impose the burden equally upon both parties as the case awaits retrial on the merits.

10. The Court determines that each party shall bear one-half of the Special Master's fees and costs.  It would not be fair to subject Plaintiff Avaya Inc. to pay 100% of these fees and costs where it is no longer liable for fee shifting from Defendant-Counterclaimant TLI.  Likewise, it would not be fair to subject the TLI Defendants to pay the entire amount of Special Master costs, since TLI was the prevailing party, entitled to seek reasonable attorney's fees and costs from Avaya, at the time when the Special Master completed its Report and Recommendation.

11. Accordingly, the Court will split the obligations 50/50 and enter an Order for Payment in favor of Special Master Keefe and against Avaya, Inc. in the amount of $82,513.68, and against the TLI Defendants in the amount of $82,513.68.  These payments are regarded as costs, which are subject to reallocation in favor of the prevailing party upon final adjudication of this case.

12. Because of the delay in reimbursement awaiting the return of this case the court's docket, which has now occurred, the Court hereby directs Avaya, Inc. and the TLI Defendants to make expedited payment within <u>seven (7) days</u> of entry of the accompanying Order.

**December 22, 2016**         　　s/ Jerome B. Simandle
Date                               JEROME B. SIMANDLE
                                   Chief U.S. District Judge