```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AVAYA INC., <br><br>            Plaintiff, <br><br>   v. <br><br>TELECOM LABS, INC., TEAMTLI.COM CORP., CONTINUANT, INC., SCOTT GRAHAM, DOUGLAS GRAHAM, and BRUCE SHELBY, <br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action No. <br> 06-2490 (JBS/KMW) <br><br> **MEMORANDUM** <br> **OPINION** |

**SIMANDLE, Chief Judge:**

After prevailing on its appeal from an adverse judgment, Plaintiff Avaya, Inc. has moved [Docket Item 1491] to release the supersedeas bonds that it had posted pending its appeal at Docket Items 1407 & 1471. The U. S. Court of Appeals for the Third Circuit denied Defendant/Counterclaimant TLI/C's petition for rehearing on November 16, 2016, and the Third Circuit issued its mandate returning the case to this Court for further proceedings including a new trial on December 5, 2016. This Court thus has jurisdiction upon remand to consider the motion. The Court has considered the submissions of counsel in support, opposition, and reply [Docket Items 1491, 1493 & 1494], and the motion is decided without oral argument pursuant to Rule 78, Fed. R. Civ. P.

The Court finds as follows:

1. On September 17, 2014, following a jury trial, this Court entered judgment in favor of TLI/C and against Avaya in the amount of $62,613,052.10 [Docket Item 1400]. Avaya filed a notice of appeal on October 10, 2014 [Docket Item 1404], and on October 24, 2014, pursuant to an agreed order to stay execution of the judgment pending appeal, Avaya posted a supersedeas bond numbered 106112073 in the amount of $62,785,237.99 [Docket Item 1407], posted by its surety, Travelers Casualty and Surety Company of America ("Travelers").

2. On February 23, 2016, pursuant to a consent order requiring Avaya to post an additional bond numbered 106281352 as security for a then-anticipated award of attorney's fees, expenses, and costs to TLI/C as prevailing party, in the amount of $7,500,000 [Docket Item 1471], also posted by Travelers.

3. The two bonds total $70,285,237.99. Avaya continues to incur a cost of approximately $1.4 million per year to maintain these bonds, including the cost of bond premiums and a letter of credit to secure the bonds. Declaration of Nancy Jordan ¶3.

4. On September 30, 2016, the Third Circuit issued a decision and judgment reversing the trial court's judgment in favor of TLI/C in its entirety and remanding to this Court for further proceedings. Avaya Inc. v. Telcom Labs. Inc., 838 F.3d 354 (3d Cir 2016) [Docket Item 1487]. In its Opinion of

September 30, the Court of Appeals: (1) reversed the trial judge's decision to dismiss four of Avaya's affirmative claims, and it reinstated Avaya's claims against TLI/C for tortious interference with prospective economic advantage, fraud, unfair competition, and breach of contract; (2) vacated the jury's verdict on the two antitrust counterclaims decided in TLI/C's favor at trial (namely, PBX attempted monopolization and PDS patches tying); (3) found in Avaya's favor on the portion of TLI/C's PBX monopolization claim with respect to PBXs sold sild since May, 2008; (4) found in Avaya's favor in TLI/C's PDS patches tying claim; (5) vacated the damages award to TLI/C; (6) vacated the award of prejudgment interest to TLI/C; and (7) vacated the injunction TLI/C had obtained.

    5. TLI/C submitted a petition for rehearing to the Third Circuit, which was denied on November 16, 2016. TLI/C filed a motion with the Third Circuit seeking to stay the mandate as it seeks Supreme Court review, pursuant to Fed. R. App. P. 41(d)(2). The Third Circuit both denied TLI/C's motion and issued its mandate to this Court vacating the judgments under appeal and remanding for further proceedings including a new trial on the remaining claims, on December 5, 2016.

    6. The operative language of the bonds is identical: "[T]he condition of [the surety's] obligation is such that Avaya Inc. shall prosecute its appeal to effect and … the judgment is

3

reversed in its entirety, then the above obligation is to be void." [Docket Item 1407 at 2-3; Docket Item 1471 at 2-3]. Defendant TLI/C does not dispute that the governing language of the bonds was satisfied by the Third Circuit's determinations of the issues on appeal. In other words, the judgment that made Defendant TLI/C a judgment creditor for more than $62 million and the prevailing party entitled to seek millions of dollars in attorney's fees and costs has been vacated. Preparations are underway for the retrial of the remaining issues. [See Order at Docket Item 1495, setting status conference for January 6, 2017.]

7. Defendant TLI/C instead argues that it opposes any release of the bonds until the Supreme Court decides TLI/C's anticipated petition for certiorari; TLI/C seeks protection in the event the Supreme Court grants certiorari and restores its antitrust judgment, pointing out news reports that Avaya is in difficult financial straits and is likely to file for bankruptcy very soon. (See TLI/C Br. in Opp., Docket Item 1493 at 1-7.) TLI/C cites to reports of declining credit ratings for Avaya in the trade press, including a November 23, 2016 Wall Street Journal report that Avaya could file for Chapter 11 protection as soon as December. (Id., Br. in Opp. at 3 n.1.)

8. TLI/C asks this Court to invoke its equitable power to leave the bonds in place pending resolution of TLI/C's petition

4

for certiorari to spare TLI/C the prospect of an unrecoverable economic loss if its judgment is restored by the Supreme Court. (Id. at 8.) TLI/C cites no cases for the proposition that a District Court has the power to extend a stay pending appeal beyond the time when the appeal has been decided and the mandate issued overturning the prior District Court judgment. Instead, the language of the supersedeas bonds themselves is to the contrary, as noted above, and the District Court is without authority to predict whether the Supreme Court will probably restore TLI/C's judgments when the Court of Appeals has set them aside and refused a petition for *en banc* rehearing, as well as having denied a stay of its mandate.

9. Accordingly, this Court will not prolong the pendency of the supersedeas bonds which are, by their own terms, now void due to the Court of Appeals' decisions.

10. Avaya's motion will be granted and the accompanying Final Order Discharging Supersedeas Bond Nos. 106112073 & 106281352 will be entered.

**December 23, 2016**       **s/ Jerome B. Simandle**
Date      JEROME B. SIMANDLE
     Chief U.S. District Judge